MURDOCK, Justice
(concurring in the result).
I concur in the result reached by the main opinion. I conclude that there was no duty on the part of the predecessor of CSX to train or warn the decedent with respect to injury or harm allegedly associated with unloading materials from the predecessor’s railcars. Nor has Henderson demonstrated that MeadWest-vaco, through its corporate predecessor, bears legal responsibility for the alleged acts and omissions of the decedent’s former employer. As to the issue of the statute of limitations, MeadWestvaco notes in its brief that in Griffin v. Unocal Corp., 990 So.2d 291 (Ala.2008), this Court held that the “manifest, present injur/’ standard recognized in that ease is to be accorded prospective operation only, except with respect to the Griffin case itself; Henderson does not argue in this appeal that we should revisit that holding.